UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-39-1-G |
| | ) |
| TRACI M. ASHFORD, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Now before the Court is a Motion to Dismiss Indictment (Doc. No. 63) filed through counsel by Defendant Traci M. Ashford. The Government has filed a Response (Doc. No. 66).

In February 2021, an Indictment was filed charging Defendant with one count of violation of 18 U.S.C. § 922(g)(1) (felon in possession of a firearm). The case is set on the Court's August 2021 trial docket. In his Motion, Defendant seeks dismissal of the Indictment on two grounds.

First, Defendant argues that the charging statute, 18 U.S.C. § 922(g)(1), is unconstitutional on its face and as applied due to its infringement of the "individual right to keep and bear arms" conferred by the Second Amendment to the United States Constitution. *United States v. Heller*, 554 U.S. 570, 595 (2008); *see* Def.'s Mot. at 2-4.

As recognized by both parties, the Tenth Circuit has "soundly rejected" the Second Amendment challenge to the constitutionality of § 922(g)(1) raised here by Defendant. *United States v. Molina*, 484 F. App'x 276, 285 (10th Cir. 2012) (citing *United States v.*

*McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009), and noting that *Heller* did not "change[] the constitutional status of § 922(g) in its prohibition of firearms by felons"). Although Defendant suggests that the Tenth Circuit erred when considering this issue, this Court is bound to follow the precedent of the appellate court and to deny dismissal of the Indictment on this basis.

Second, Defendant asserts that the criminalization of possession of weapons by convicted felons prescribed by § 922(g)(1) "exceeds Congress' enumerated powers under the Commerce Clause." Def.'s Mot. at 1, 5-7 (arguing that the Commerce Clause is not implicated by "simple, noncommercial possession of a firearm within a state"). Again, the Tenth Circuit has "explicitly rejected" this contention. *McCane*, 573 F.3d at 1047; *accord United States v. Urbano*, 563 F.3d 1150, 1154 (10th Cir. 2009) (explaining that "if a firearm has traveled across state lines" "the minimal nexus with interstate commerce is met and the statute can be constitutionally applied"). Again, the relief sought by Defendant is foreclosed by the authority binding upon this Court.

## CONCLUSION

For these reasons, Defendant's Motion to Dismiss Indictment (Doc. No. 63) is DENIED.

IT IS SO ORDERED this 9th day of August, 2021.

CHARLES B. GOODWIN
United States District Judge