UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-39-G-1 |
| ) | |
| TRACI M. ASHFORD, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Now before the Court is a Motion in Limine to Admit 911 Call (Doc. No. 38) filed by Plaintiff United States of America. Defendant Traci M. Ashford has responded (Doc. No. 82).

I.   *The Government's Motion*

Defendant has been charged in a one-count Indictment with possession of a firearm despite previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), on or about October 6, 2020. *See* Indictment (Doc. No. 17). This case is set for jury trial on the Court's August 2021 docket.

On October 6, 2020, an individual called 911 to report a domestic incident near a residence in Oklahoma City, Oklahoma. An audio recording of the call was submitted as an exhibit to the Government's Motion. *See* Doc. No. 38-1 (conventionally filed). On the call, the individual reported a black man in a Thunder basketball jersey with the number zero was outside and pulled a gun out of a silver or "goldish" Chrysler 300. The caller described the gun as a black "long" gun and said after the man pulled it out, he pointed it

at a woman as she tried to run down the street.  While on the phone, the caller described the man putting the gun back in the Chrysler 300, getting into the car with others, and driving away.  The caller said the man who pointed the gun was driving the Chrysler 300.

The Government alleges that when Oklahoma City Police Department ("OCPD") officers were responding, they observed a silver Chrysler 300 traveling away from the address provided by the caller.  The driver was a black male wearing a blue Thunder basketball jersey with the number zero on it.  A male passenger (codefendant Darius Head) and a female passenger were in the back seat.  The OCPD officer asked if there were any firearms in the vehicle and Defendant, who was driving, stated, "Yeah, they got weapons back there."  Mr. Head put his hands up and looked towards the floorboard.  A chamber-loaded black AK-47 rifle was found in the rear passenger side floorboard.  A magazine loaded with 41 rounds was located under the driver's seat and two live rounds of ammunition were located in Mr. Head's pocket.

## II. Discussion

As noted by the Government's Motion, offering the caller's statements from the 911 call as evidence to prove their truth would generally be precluded by the rule against hearsay in Federal Rules of Evidence 801 and 802.  The Government argues that the 911 call discussed above is, however, admissible pursuant to the exceptions to the hearsay rule set forth in Federal Rules of Evidence 803(1) and 803(2).  *See* Gov't's Mot. at 3-8.

### A. *Federal Rule of Evidence 803(1)*

Federal Rule of Evidence 803(1) sets forth a "Present Sense Impression" exception for "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1).

> In evidence law, we generally credit the proposition that statements about an event and made *soon after* perceiving that event are especially trustworthy because 'substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation.'" *Navarette v. California*, 572 U.S. 393, 399-400, 134 S.Ct. 1683, 188 L.Ed.2d 680 (2014) (quoting Fed. R. Evid. 803(1) advisory committee's notes to 1972 proposed rules (emphasis added)). "Unsurprisingly, 911 calls that would otherwise be inadmissible hearsay have often been admitted on those grounds." *Id.* at 400, 134 S.Ct. 1683 (analogizing to the present sense impression exception in a Fourth Amendment case).

*United States v. Lovato*, 950 F.3d 1337, 1341 (10th Cir. 2020).

"By its own terms, application of Rule 803(1) has three distinct requirements: i) the statement must describe or explain the event perceived; ii) the declarant must have in fact perceived the event described; and iii) the description must be 'substantially contemporaneous' with the event in question." *United States v. DeLeon*, 418 F. Supp. 3d 682, 743 (D.N.M. 2019) (internal quotation marks omitted). "The present sense impression exception applies only to reports of what the declarant has actually observed through the senses, not to what the declarant merely conjectures." *Id.* (internal quotation marks omitted).

In the audio recording of the 911 call, the caller clearly relates the activities observed that prompted the call for help and also relays to the dispatcher in real time the events unfolding outside of the caller's house. *See* Doc. No. 38-1.

3

Defendant agrees "that the 911 caller describes some events contemporaneously." Def.'s Resp. at 2.  Defendant objects, however, that the caller's statement regarding the black male pointing the gun at the female is describing an act that preceded the phone call and thus is insufficiently contemporaneous to fit within the present sense impression exception.  *See id.* ("[T]he observation regarding the pointing of the firearm is a separate hearsay statement requiring separate analysis." (citing *Williamson v. United States*, 512 U.S. 594 (1994))).

The Court rejects this argument.  The caller opens the call by saying there is a "domestic" on the street outside her home and "they just pulled a gun."  Doc. No. 38-1. The caller next gives the address and says, "He pulled a gun and he's pointin' it at that girl."  *Id.*  While the conversation later indicates that the pulling of the gun may have happened before the call was placed, "all the statements made within the call pertain to the same temporal event without a substantial change in circumstances."  *Lovato*, 950 F.3d at 1342.  In *Lovato*, the Tenth Circuit upheld the district court's consideration of a 911 call as a whole, rather than by assessing individual statements therein, where, as here, the 911 caller was "a disinterested observer," "the call continually focused on an ongoing stream of observations," and the call displayed other indicia of reliability.  *Id.* at 1342-44 (affirming application of the present sense impression exception where "[t]he 911 call . . . involved statements relaying the caller's contemporaneous observations" and "statements describing what the caller observed minutes earlier").  "[S]uch a short delay does not give rise to much opportunity for reflection or interpretation that could undermine the reliability

4

of the statements," and the statements consists of the caller's own observations rather than mere conjecture. *Id.* at 1345; *see* Doc. No. 38-1; *DeLeon*, 418 F. Supp. 3d at 743.

Accordingly, the Court finds that the call is not excluded by the rule against hearsay, as the caller is plainly "describing . . . an event" and the call was "made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1); *see also United States v. Allen*, 235 F.3d 482, 486, 493 (10th Cir. 2000) (affirming application of present sense impression exception to a 911 call made while the caller saw the defendant outside her door and then observed him trying to get in, leaving, and returning to the scene).[1]

### B. Confrontation Clause

Defendant additionally argues that even if the 911 call is not excluded by the hearsay rule, admission of these statements will deprive Defendant of his right to confrontation under the Sixth Amendment. *See* Def.'s Resp. at 3-4. Defendant acknowledges that "current United States Supreme Court is contrary to his position." *Id.* at 3 (citing *Davis v. Washington*, 547 U.S. 813 (2006)).

As set forth by the Supreme Court, the Sixth Amendment right to confrontation applies to bar the "admission of testimonial statements of a witness who did not appear at trial," except in certain circumstances. *Crawford v. Washington*, 541 U.S. 36, 53-54 (2004). Further, in *Davis*, the Supreme Court found that a 911 call describing an ongoing domestic incident was nontestimonial and held:

> Statements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary

---

[1] Based upon this finding, the Court need not determine whether the 911 call recording also would be admissible pursuant to the excited utterance exception of Rule 803(2).

purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis*, 547 U.S. at 822.

Here, as discussed above, the call reflects that it was placed in order to obtain police assistance with an ongoing emergency and thus is nontestimonial in nature. There being nothing in the record to indicate otherwise, Defendant's argument is foreclosed by *Davis*, and the Court does not find that admission of the audio recording is prohibited by the Confrontation Clause.

## CONCLUSION

For the reasons outlined above, the Government's Motion in Limine to Admit 911 Call (Doc. No. 38) is GRANTED to the following extent: the cited audio recording of the 911 call of October 6, 2020, is hereby found to be a present sense impression not excluded by the rule against hearsay.

IT IS SO ORDERED this 9th day of August, 2021.

_____
CHARLES B. GOODWIN
United States District Judge