UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-21-39-G-1 |
| | ) |
| TRACI M. ASHFORD, | ) |
| | ) |
| Defendant. | ) |

### ORDER

Now before the Court is Defendant Traci M. Ashford's Motion in Limine Regarding Domestic Violence Evidence (Doc. No. 80). The Government has responded (Doc. No. 86).

*I.    Background*

Defendant has been charged in a one-count Indictment with possession of a firearm despite previously having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), on or about October 6, 2020. *See* Indictment (Doc. No. 17).

On October 6, 2020, an individual called 911 to report a domestic incident near a residence in Oklahoma City, Oklahoma. *See* Doc. No. 38-1 (audio recording). The caller stated a black man wearing a Thunder basketball jersey with the number zero was outside and pulled a gun out of a silver or "goldish" Chrysler 300. The caller described the gun as a black "long" gun and said after the man pulled it out, he pointed it at a woman as she tried to run down the street. While on the phone, the caller described the man putting the

gun back in the Chrysler 300, getting into the car with others, and driving away. The caller said the man who pointed the gun was driving the Chrysler 300.

The Government alleges that when an Oklahoma City Police Department ("OCPD") officer was responding to the call, he observed a silver Chrysler 300 traveling away from the address provided by the caller. Upon stopping the vehicle, the OCPD officer found the driver to be a black male wearing a Thunder basketball jersey with the number zero on it. A male passenger and a female passenger (S.E.) were in the back seat. The OCPD officer asked if there were any firearms in the vehicle and Defendant, who was driving, stated, "Yeah, they got weapons back there." The male passenger put his hands up and looked towards the floorboard. A chamber-loaded black AK-47 rifle was found in the rear passenger side floorboard.

Another OCPD officer interviewed S.E., who was later identified as the victim of the reported domestic incident. S.E. spoke about the domestic assault, telling the officer that Defendant had struck her on the mouth and pulled her hair so hard that he ripped a ponytail weave from her head. The officer noted a small cut on S.E.'s mouth and that her lip appeared swollen. The Government alleges that Defendant's domestic assault of S.E. was the basis for his arrest. *See* Gov't's Resp. at 5.[1]

---

[1] The OCPD record reflects that Defendant actually was "booked in" on two charges: possession of a firearm after a former felony conviction and domestic assault and battery after a felony conviction. Doc. No. 67-2, at 2.

## II. *Defendant's Motion*

Defendant seeks to preclude evidence "alleging acts of domestic violence between [Defendant] and a possible witness, [S.E.]." Def.'s Mot. at 1. Defendant asserts that such evidence is unrelated to the firearm-possession charge and should be excluded as unduly prejudicial. *See id.* at 1-2; Fed. R. Evid. 401, 403. The Government counters that the evidence of a domestic dispute between Defendant and S.E. on the night of Defendant's arrest is sufficiently relevant for admission and is not unfairly prejudicial. *See* Gov't's Resp. at 4-7.

### A. *Relevance*

Pursuant to Rule 401 of the Federal Rules of Evidence:

Evidence is relevant if:

> (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and
>
> (b) the fact is of consequence in determining the action.

Fed. R. Evid. 401. "Rule 401 is a liberal standard," and '[e]xcept for certain well-defined instances, all relevant evidence is admissible." *United States v. Leonard*, 439 F.3d 648, 651 (10th Cir. 2006); *United States v. Mendoza-Salgado*, 964 F.2d 993, 1007 (10th Cir. 1992) (citing Fed. R. Evid. 402).

> Rule 401's definition of relevancy incorporates notions of both materiality and probativity.
>
> As for materiality, under Rule 401 a fact is "of consequence" when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict. As for the degree of probative value required under Rule 401, the rule sets the bar very low. The rule establishes that even a minimal degree of

3

>probability—i.e., "any tendency"—that the asserted fact exists is sufficient to find the proffered evidence relevant.

*United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998) (citations omitted).

Defendant contends the evidence of the domestic dispute is not sufficiently relevant because "[t]he jury will be tasked with determining whether [Defendant] possessed a firearm, not whether he has committed domestic assault." Def.'s Mot. at 2.

The Court agrees with the Government that evidence of certain events of that evening is relevant to whether Defendant knowingly possessed the firearm for purposes of the charging statute. The fact that Defendant and S.E. were involved in a serious physical altercation—and, particularly, that Defendant pointed the firearm at S.E. during their dispute— provides "a basis for making some inference" that Defendant's possession of the firearm was voluntary and intentional and does have a "tendency" to make that knowing possession more probable than it would be without such evidence. *McVeigh*, 153 F.3d at 1190; Fed. R. Evid. 401.

The Court therefore overrules Defendant's objection that the evidence of the domestic incident of October 6, 2020, lacks relevance under Rule 401 of the Federal Rules of Evidence.

### B. Unfair Prejudice

Rule 403 of the Federal Rules of Evidence prescribes: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

"Evidence is unfairly prejudicial when it has the capacity 'to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.'" *United States v. Ashlock*, 224 F. App'x 803, 806 (10th Cir. 2007) (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). "Excluding otherwise admissible evidence under Rule 403 is an extraordinary remedy that should be used sparingly." *Leonard*, 439 F.3d at 652 (alteration and internal quotation marks omitted). "In considering whether evidence is unfairly prejudicial, a court must consider the availability of alternative probative evidence." *Ashlock*, 224 F. App'x at 806.

Defendant argues that the evidence of the dispute of October 6, 2020, is inadmissible under Federal Rule of Evidence 403 because its probative value is substantially outweighed by danger of unfair prejudice to Defendant. *See* Def.'s Mot. at 2.

The Court finds, however, that the evidence portraying the domestic dispute of October 6, 2020, which took place only minutes before Defendant's arrest and included the observed possession of the rifle that is the subject of the charge against Defendant, has unique evidentiary value and that its probative value is not substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. Although potentially prejudicial to Defendant, evidence regarding the firearm pointing and physical acts against S.E. is not so injurious as to "cause the jury to decide the instant case against [Defendant] on an improper emotional basis" or to "make[] a conviction more likely because it . . . tends to affect adversely the jury's attitude toward defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. McGlothin*, 705 F.3d 1254, 1266 (10th Cir. 2013); *Leonard*, 439 F.3d at 652 (internal quotation marks omitted).

CONCLUSION

For the reasons outlined above, Defendant's Motion in Limine Regarding Domestic Violence Evidence (Doc. No. 80) is DENIED.

IT IS SO ORDERED this 9th day of August, 2021.

CHARLES B. GOODWIN
United States District Judge